UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE FREEMAN, JR., et al.,

    Plaintiffs,

v.                            CASE No. 8:15-CV-1623-T-17TGW

LAKE WALES POLICE
DEPARTMENT, et al.,

    Defendants.
_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the pro se plaintiffs' Motions for Leave to Proceed In Forma Pauperis and Affidavits of Indigency (Docs. 2, 3) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for their complaint against the defendants.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiants submit affidavits that include a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that they are entitled to redress. Even if the affiants prove indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Here, the plaintiffs' complaint is procedurally inadequate (Doc. 1). Thus, there is not "a short and plain statement of the claim showing that the [plaintiffs are] entitled to relief." Rule 8, Fed.R.Civ.P.

The complaint alleges that, on February 13, 2015, employees of the Lake Wales Police Department came to the home of plaintiff Darlene C. Johnson to "mislead" her into believing that plaintiff George Freeman, Jr., "had committed a law violation for the crime [of] tampering with a witness" and that Freeman would be in trouble if he did not turn himself into the police department (Doc. 1, pp. 5, 6). Johnson was so "petrified" from the encounter that she immediately telephoned Freeman; Freeman and his brother then left their jobs, picked up Johnson, and went to the Lake Wales Police Department (id., pp. 6-7).

After arriving at the police station, Freeman asked Detective Alvin Maultsby about the "matter at hand" (id., p. 7). Maultsby then took Freeman to another room; Freeman's brother was not allowed to accompany them (id.). The complaint states that Freeman "was deprived the rights to a[n] attorney and put through a hostile interrogation" (id.). Maultsby allegedly accused Freeman of recording the interrogation, and he "jump[ed] out [of] his seat viciously and angry out of control screaming now you show [sic] not

leaving here today" (id., p. 8). Freeman responded that he was leaving, and Maultsby screamed that Freeman was not leaving and would be going to jail (id.). Maultsby then told Sergeant Mike Smith to take Freeman's phone, but Smith did not attempt to do so (id., pp. 8-9). Maultsby was "still out of control screaming 'you' going to jail today," so Freeman asked Smith get Maultsby's commanding officer (id., p. 9).

Freeman complained to Griffin Crosby about his experience with Maultsby, stating that he was "in fear of [his] life and affraid [sic] of this man Detective Maultsby" (id.). Crosby allegedly told Freeman to "shut up an[d] get out of here" (id.). Freeman then left the Lake Wales Police Department with his brother and Johnson (id.).

The allegations regarding Freeman's encounter with the Lake Wales Police Department do not constitute a violation of federal law. Further, there is simply no cogent allegation of a claim for relief with regard to Johnson.

For these reasons, the complaint is deficient and is subject to dismissal. 28 U.S.C. 1915(e)(2)(B)(ii). However, it is appropriate to afford the plaintiffs an opportunity to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal

does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Fed.R.Civ.P. 15). I therefore recommend that the complaint be dismissed, but allow the plaintiffs to file within thirty days an amended complaint that complies with the Federal Rules of Civil Procedure.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 22, 2015

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).